IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EARLY F. LAWHORN, JR.,

:

    Petitioner,                                   Case No. 3:06-cv-293

:        District Judge Walter Herbert Rice
    -vs-                                    Chief Magistrate Judge Michael R. Merz

XENIA MUNICIPAL COURT,

:

    Respondent.

**SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

On January 5, 2007, the Magistrate Judge recommended that this habeas corpus case be dismissed without prejudice for lack of exhaustion of available state court remedies, to wit, delayed direct appeal.  As long ago as September, 2006, the Magistrate Judge had instructed Petitioner about the need to pursue a delayed direct appeal, but as of January 5, 20097, he had not done so.

Petitioner filed timely Objections to the Report and Recommendations, asking for additional time to file the delayed direct appeal and instructions on how to do so (Doc. No. 14).  The Magistrate Judge then stayed the Report and Recommendations and gave Petitioner instructions on how to appeal, but set a deadline of February 1, 2007, for doing so, as required by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005).

On March 5, 2007, more than a month after the deadline, Petitioner had still not furnished this Court with any evidence he has complied with his exhaustion obligation.  Accordingly, the Magistrate Judge dissolved the stay and again recommended that this action be dismissed for failure to exhaust state court remedies.

Mr. Lawhorn has again objected (Doc. No. 17), claiming that he did file with the Greene County Court of Appeals and attaching what purports to be a copy of the Motion for Leave to File a Delayed Appeal. However, the document is not time-stamped and upon telephone inquiry to the Greene County Clerk of Court's Office, the Magistrate Judge confirmed that no such Motion has ever been filed in that court.

Accordingly, it is again recommended that this action be dismissed with prejudice for failure to exhaust state court remedies. Petitioner is cautioned that any further attempt to commit fraud on this Court may be punished as a contempt.

March 9, 2007

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).